IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HARRY POST                                                                                    PLAINTIFF

v.                                       Civil No. 4:20-cv-04004

SHERIFF DANNY MARTIN, Sheriff Nevada
County Jail; ROBERT MISSY, Captain Nevada
County Jail; KAREN GHORMLEY, Lieutenant
Nevada County Jail; CODY FERGUSON, Investigator
Nevada County Police Department; BABBITT; and
JOHNNY WEAVER, Officer                                                                    DEFENDANTS

## ORDER

Before the Court is Plaintiff's failure to keep the Court informed of his address. Plaintiff Harry Post filed this 42 U.S.C. § 1983 action *pro se* on January 6, 2020 in the Eastern District of Arkansas. (ECF No. 2). The following day, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4).

On February 24, and March 10, 2020, mail sent to Plaintiff at his address of record was returned to the Court. (ECF Nos. 18, 19). To date, Plaintiff has not informed the Court of his current address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of March 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge